BENJAMIN B. WAGNER
United States Attorney
WALLACE J. LEE
Special Assistant U.S. Attorney
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for the
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  1:12-cr-375-DLB |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OF PLEA AGREEMENT |
| v. | ) | PURSUANT TO RULE 11(c) OF THE |
| | ) | FEDERAL RULES OF CRIMINAL |
| EVERGREEN DESTINATION HOLDINGS, | ) | PROCEDURE |
| LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure, the United States of America, by and through Benjamin B. Wagner, the United States Attorney for the Eastern District of California, and Special Assistant United States Attorney Wallace J. Lee, and defendant, Evergreen Destination Holdings, LLC, and its attorney, Carl M. Faller, have agreed as follows:

    1.   Charges

The defendant acknowledges that it has been charged in this case in a one count information, as follows:

Count One:  Violation of Occupancy and Use Restrictions, in violation of Title 36, Code of Federal Regulations, Section 261.10(a) [Class B Misdemeanor, Petty Offense].

//

2.   Agreements by the Defendant

(a)   The defendant agrees that this Plea Agreement shall be filed with the Court and become a part of the record of the case.

(b)   The defendant agrees to enter a plea of guilty to Count One, Violation of Occupancy and Use Restrictions, in violation of Title 36, Code of Federal Regulations, Section 261.10(a) [Class B Misdemeanor, Petty Offense].

(c)   The defendant understands and agrees that it will not be allowed to withdraw its plea should the Court fail to follow the Government's sentencing recommendations.

(d)   The defendant knowingly and voluntarily waives its Constitutional, statutory and legal rights to appeal its plea, conviction, any restitution imposed, or sentence.  This waiver of appeal includes, but is not limited to, an express waiver of the defendant's right to appeal its plea, conviction, any order of restitution or sentence on any ground, including any venue, statute of limitations, and mental competency issues, and any appeal right conferred by 18 U.S.C. § 3742.  The defendant further agrees not to contest its plea, conviction, any order of restitution or sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. § 2255.

(e)   The defendant further acknowledges that its plea of guilty is voluntary and that no force, threats, promises or representations have been made to anybody, nor agreement reached, other than those set forth expressly in this Plea Agreement, to induce the defendant to plead guilty.

(f)   Defendant agrees to pay a fifty dollar ($50) special assessment and pay seven thousand dollars ($7,000.00) in restitution.

1   The special assessment and restitution shall be paid at the time of

2   sentencing.

3      (g)   Defendant agrees to pay restitution pursuant to Title 18,

4   United States Code, Section 3663(a)(3) in the amount stated in

5   paragraph 2(f), above.

6      (h)   The defendant agrees to waive all rights under the "Hyde

7   Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover

8   attorneys' fees or other litigation expenses in connection with the

9   investigation and prosecution of all charges in the above-captioned

10  matter and of any related allegations (including without limitation

11  any charges to be dismissed pursuant to this Agreement and any

12  charges previously dismissed).

13     3.   Agreements by the Government

14     (a)   The government agrees to recommend that the defendant pay a

15  fifty dollar ($50) special assessment and pay seven thousand dollars

16  ($7,000.00) in restitution.   The government recommends that no fine

17  be imposed in this case.   The special assessment and restitution

18  shall be paid at the time of sentencing.

19     4.   Nature, Elements and Possible Defenses

20     The defendant has read the charges against it contained in the

21  information, and those charges have been fully explained to it by its

22  attorney.   Further, the defendant fully understands the nature and

23  elements of the crime in the information to which it is pleading

24  guilty, together with the possible defenses thereto, and has

25  discussed them with its attorney.

26     Count One:  Violation of Occupancy and Use Restrictions, in

27          violation of Title 36, Code of Federal Regulations, Section

28          261.10(a) [Class B Misdemeanor, Petty Offense].

First,    the defendant constructed, placed or maintained
           any kind of road, trail, structure, fence,
           enclosure, communication equipment, significant
           surface disturbance, or other improvement on
           National Forest System lands or facilities;

Second,   without a special-use authorization, contract, or
           approved operating plan when such authorization
           is required.

5.   Factual Basis

The defendant concedes that it will plead, and is pleading, guilty to the crime set forth in Count One of the information, because it is, in fact, guilty of that offense.  The defendant also agrees that the following are the true and correct facts of this case:

Beginning on a date unknown but no later than July 2011 to on or about February 10, 2012, defendant Evergreen Destination Holdings, LLC, in the Stanislaus National Forest, within the State and Eastern District of California, did construct and maintain improvements on National Forest System lands without a special-use authorization, contract, or approved operating plan when such authorization was required.

The property of Evergreen Destination Holdings, LLC adjoins National Forest System lands.  Without first verifying the boundary between National Forest System lands and its own property, defendant mistakenly situated a number of campsites, a segment of its nature trail, and a segment of a buried waterline in locations that encroached upon neighboring National Forest System lands. When Forest Service officials brought the encroachments to the attention of Evergreen Destination Holdings, LLC's management, the company promptly took corrective action by removing the improvements from National Forest System lands (except as otherwise requested by the Forest Service to prevent further environmental disturbance) and by reforesting affected National Forest System Lands.

6.   Potential Sentence

The following is the maximum potential sentence which the defendant faces:

Count One:  Violation of Occupancy and Use Restrictions, in

        violation of Title 36, Code of Federal Regulations, Section

261.10(a) [Class B Misdemeanor, Petty Offense]:

    (a)   Probation.

        Maximum:  Five (5) years.

    (b)   Fine.

        Maximum:  Ten Thousand Dollars ($10,000).

    (c)   Both such fine and probation.

    (d)   Penalty Assessment.

        Mandatory:  Fifty Dollars ($50.00).

7.   Waiver of Rights

The defendant understands that by pleading guilty it surrenders certain rights, including the following:

(a)  If the defendant persisted in a plea of not guilty to the charges against it, it would have the right to a public and speedy trial.  The trial would be by a judge sitting without a jury.

(b)  At a trial, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

(c)  At a trial, the Government would be required to present its witnesses and other evidence against the defendant.  The defendant would be able to confront those Government witnesses and its attorney would be able to cross-examine them.  In turn, the defendant could present witnesses and other evidence on its own behalf.  If the witnesses for the defendant would not appear voluntarily, it could require their attendance through the subpoena power of the Court.  At trial, the defendant would also have the right to assistance of legal counsel.

(e)  At a trial, the defendant would have a privilege against self-incrimination so that it could decline to testify, and no

1  inference of guilt could be drawn from this refusal to testify.

2      The defendant understands that by pleading guilty it is waiving

3  all of the rights set forth above, and acknowledges that its attorney

4  has explained to it those rights and the consequences of its waiver

5  of those rights.

6      8.   Questions by Court

7      The defendant understands that if the Court questions Defendant

8  under oath, on the record and in the presence of counsel, about the

9  offense to which it has pleaded guilty, its answers, if false, may

10  later be used against it in a prosecution for perjury.

11     9.   Entire Agreement

12     This plea of guilty is freely and voluntarily made and is not

13  the result of force or threats, or of any promises apart from those

14  specifically set forth in this Plea Agreement.   There have been no

15  representations or promises from anyone as to what sentence the Court

16  will impose.

17     10.  Court not a Party

18     (a)   It is understood by the parties that the Sentencing Court

19  is neither a party to nor bound by this agreement and the sentencing

20  judge is free to impose the maximum penalties as set forth in

21  paragraph 6.   Further, in making its sentencing decision, the Court

22  may take into consideration any and all facts and circumstances

23  //

24  //

25  //

26  //

27  //

28  //

concerning the defendant's criminal activities, including activities
which may not have been charged in the information.


                                    BENJAMIN B. WAGNER
                                    United States Attorney

Dated: 11/5/12                 By: _Andrew Gradman_____
                                   ~~WALLACE J. LEE~~  ANDREW GRADMAN
                                   Special Assistant U.S. Attorney


                                    EVERGREEN DESTINATION HOLDINGS, LLC
                                    Defendant

Dated: 10/10/12                By: _____
                                   BRIAN ANDERLUH
                                   Chief Financial Officer


                                    EVERGREEN DESTINATION HOLDINGS, LLC
                                    Defendant

Dated: 11-3-12                 By: _____
                                   CARL M. FALLER
                                   Attorney for Defendant